## NORMAND et al. v. BRAWLEY.

### No. 6764.

Circuit Court of Appeals, Fifth Circuit.

Feb. 21, 1933.

William R. Watkins, of Fort Worth, Tex., for appellants.

Carroll E. Florence, of Gilmer, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

In this case it appears that W. W. Bowden owned 54½ acres of land in the William King survey in Upshur county, Tex. He died intestate, leaving a widow in community, L. A. Bowden, and one son, W. D. Bowden; the property thereby passing to the widow and son, each for an undivided one-half interest. By a deed recorded January 26, 1922, L. A. Bowden conveyed the property to E. A. Reese. By mesne conveyances any interest that Reese had passed to E. H. Brawley. By a deed dated November 28, 1927, recorded October 30, 1930, W. D. Bowden conveyed to E. H. Brawley. Thereafter, by a deed dated March 28, 1931, recorded the same day, W. D. Bowden conveyed the same property to J. L. Normand. On the same day Normand and his wife executed an oil and gas lease on the property to C. D. Loe. Normand and Loe filed a bill to cancel and set aside the conveyance to Brawley on the ground that the deed from Mrs. Bowden to Reese was a forgery and in the alternative that Mrs. Bowden was non compos mentis when she executed it. And that the deed from W. D. Bowden to Brawley, recorded October 30, 1930, was a forgery. Brawley filed suit in a state court against Normand and Loe to cancel the deed and lease of March 28, 1931, as a cloud upon his title and to quiet him in his title and possession. This suit was removed

to the federal court and consolidated with the action by Normand and Loe. Testimony was taken before the court and resulted in findings of fact that Mrs. Bowden was of sound mind and that she executed the deed to Reese; that while W. D. Bowden did not actually sign the deed to Brawley, it was signed by some one else for him in his presence, that he acknowledged it before the notary, and received the consideration. On these findings a decree was entered cancelling the conveyance from W. D. Bowden to Normand and the lease from Normand and wife to Loe, removing the cloud·upon the title of Brawley and quieting him in his title and possession. An appeal was taken from this decree, but the objection to the decree so far as it upholds the conveyance by Mrs. L. A. Bowden has been abandoned. Only an undivided one-half interest in the land resulting from the conveyance by W. D. Bowden to Normand is asserted.

We need not review the evidence in detail. The proof is conclusive that W. D. Bowden was present when the deed from him to Brawley was executed; that he acknowledged it as his act before the notary, delivered it, and received the consideration of $50. The proof tends strongly to show that he in fact signed the deed, but as the District Judge saw and heard the witnesses we are not disposed to question his conclusions in this respect. It is immaterial whether the grantor actually signed the deed or some one else did so with his knowledge and authorization. 8 R. C. L. § 15.

It is urged by appellants that the decree is not responsive to the pleadings. The relief sought was the cancellation of two deeds. It is .plain that appellants failed to sustain the burden of proving that either deed was forged or that Mrs. Bowden was of unsound mind. There is no merit in the contention.

The record presents no reversible error.

Affirmed.